UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NAT'L PENSION FUND, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> NW SIGN INDUSTRIES, INC. <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:14-cv-00423 (LO/IDD) |

FILED JUL 25 2014 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## REPORT AND RECOMMENDATION

This matter is before the Court on the Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), and National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") (collectively, "Funds" or "Plaintiffs") Motion for Default Judgment against NW Sign Industries, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 7.) After a licensed attorney for Defendant failed to appear at the hearing on June 6, 2014, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

### I. INTRODUCTION

On April 17, 2014, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132

1

and 1145, and under Sections 301 and 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185-86. (Comp. ¶ 1.) These acts allow parties to enforce provisions of their collective bargaining agreements. In filing their Complaint, Plaintiffs seek unpaid contributions, interest on unpaid contributions, liquidated damages, late fees, and attorneys' fees and costs, pursuant to ERISA, LMRA, and the collective bargaining agreements executed between Plaintiffs, Sheet Metal Workers' International Association Local Union No. 15 and Local Union No. 19 ("Local Union No. 15" and "Local Union No. 19"), and Defendant. (Compl. ¶¶ 1, 10.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145 because the funds are administered from Plaintiffs' principal place of business in Fairfax, Virginia. (Compl. ¶¶ 2-3.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over Defendant under the decision in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).[1] Additionally, this Court has personal jurisdiction over Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2). (Compl. ¶ 2.) Venue is also properly situated in this District because the breach of the collective bargaining agreements and

---

[1] This Court held that the Eastern District of Virginia had personal jurisdiction over the defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national contacts" theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

2

consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this District. (Compl. ¶ 4.)

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing district court's entry of default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the matter prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h).

On April 25, 2014, a private process server served Jeff Bolis, Corporate Controller of Defendant company, with a true and correct copy of the Summons, Complaint, and Certificate of Service. (Dkt. No. 4.) Therefore, Plaintiffs properly served Defendant pursuant to Rule 4(h).

3

### C. Grounds for Default

As previously stated, Plaintiffs filed their Complaint on April 17, 2014. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleading in this matter. On May 16, 2014, Plaintiffs filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On May 19, 2014, the Clerk entered default against Defendant. (Dkt. No. 6.) On May 22, 2014, Plaintiffs filed their Motion for Default Judgment, and the Court held a hearing on the matter on June 6, 2014. (Dkt. Nos. 7, 12.) After Defendant failed to appear at the June 6, 2014 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *See Music City Music, et al., v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l*

*Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 664).

### III. FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment and memorandum in support thereof, as well as the affidavits and documents submitted in proof of damages.

Plaintiffs are the trustees of multiemployer employee benefit plans[3] administered from offices located in Fairfax, Virginia. (Compl. ¶¶ 3, 5.) Defendant NW Sign Industries, Inc. was a Delaware corporation with its principal place of business in Moorestown, New Jersey. (Compl. ¶ 7.) At all relevant times, Defendant was an employer "engaged in an industry affecting

---

[2] Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").

[3] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

commerce," as defined by 29 U.S.C. § 152(2), Section 3(5) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12). (Compl. ¶ 6.)

Defendant entered into a collective bargaining agreement ("Agreement") with Local Union No. 15 and Local Union No. 19. (Compl. ¶¶ 10-11.) Pursuant to the Agreement, Defendant agreed to pay Plaintiffs certain sums of money for each hour worked by employees of Defendant covered by the labor contract. (Compl. ¶ 13.) Aside from requiring the payment of certain sums of money, Defendant was also obligated to submit monthly remittance reports to Plaintiffs, detailing all employees or work for which contributions were required. (Compl. ¶ 12.)

In violation of the Agreement and Defendant's obligations under federal law, Defendant failed to submit monthly remittance reports and to make proper contributions under ERISA and the Agreement. (Compl. ¶¶ 19-20.) Based on previous reports submitted by Defendant, the Funds estimate that Defendant owes contributions in the amount of $12,435.90 for the period of January 2013 through March 2013. (Compl. ¶ 20-21.) Additionally, Defendant owes late fees for required contributions paid in an untimely manner to the Funds between July 2009 and June 2013. (Compl. ¶ 23.) Under the Agreement, employers who make late payments are charged a late fee equal to the greater of ten percent (10%) of the late contributions or $50.00. *Id.* The late fees for the period above amount to $32,764.70. *Id.*

Under the Agreement, rules and regulations of the Funds, and ERISA law, Defendant agreed to: (1) make full and timely payment on a monthly basis to Plaintiffs; (2) file timely remittance reports with Plaintiffs detailing all employees or work for which contributions were required for each fund under the labor contract; and (3) pay liquidated damages, late fees, interest, and all costs of litigation, including attorneys' fees, expended by Plaintiffs to collect any amounts due as a consequence of the failure to comply with the other contractual and statutory

6

obligations. (Compl. ¶¶ 12-14, 16-17, 24.) Therefore, Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) late fees on the untimely payments; (3) interest on the unpaid contributions; (4) liquidated damages; and (5) reasonable attorneys' fees and costs.[4]

### A. Unpaid Contributions

In support of their request for relief, Plaintiffs rely on the declaration of Walter Shaw, the Billing and Eligibility Manager for NPF ("Shaw Decl."). Based on this declaration and its accompanying exhibits, the undersigned finds that Defendant owes Plaintiffs a total of $48,978.43 as specified in the following table. This total includes the amounts owed for failure to pay contributions during the period of January 2013 through March 2013, interest and liquidated damages for the months listed above, and late fees for the period of July 2009 through June 2013.

| Plaintiff Fund | Unpaid Contributions | Interest through 5/19/2014 | Liquidated Damages | Late Fees | TOTAL |
|---|---|---|---|---|---|
| NPF | $12,211.83 | $1,267.39 | $2,442.36 | 28,527.79 | $44,449.37 |
| ITI | $224.07 | $23.26 | $44.82 | $182.55 | $474.70 |
| Scholarship Fund | $0.00 | $0.00 | $0.00 | $38.38[5] | $38.38 |
| SASMI | $0.00 | $0.00 | $0.00 | $4,015.98 | $4,015.98 |
| TOTAL | $12,435.90 | $1,290.65 | $2,487.18 | $32,764.70 | $48,978.43 |

(Mot. Default J. ¶ 4; Mem. Supp. Default J. at 4.)

---

[4] Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of LMRA, in addition to the delinquent contributions, Defendant is liable to Plaintiffs for late fees in an amount equal to the greater of ten percent (10%) of the *late paid* contributions or $50.00; interest on the delinquent contributions at the rate of 0.0233% per day, compounded daily from the date due through May 19, 2014; liquidated damages in an amount equal to the greater of interest accrued on the delinquent contributions at the above rate or liquidated damages equal to 20% of the delinquent contributions; and all attorneys' fees and costs incurred by Plaintiffs in pursuing the delinquent contributions, including the attorneys' fees and costs of bringing this action. (Shaw Decl. ¶ 8.)

[5] Arguably, Defendant owes $50.00 in late fees to Scholarship Fund rather than $38.38 because Defendant must pay the greater amount of $50.00 or 10% of the late paid contributions. (Compl. ¶ 17; Shaw Decl ¶ 8.) However, Plaintiffs only sought $38.38 in their Complaint, and this Court cannot award Plaintiffs more than the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

### B. Attorneys' Fees and Costs

The Agreement and Section 502(g)(2) of ERISA provide that an employer may be required to pay all attorneys' fees and costs incurred in connection with a breach of its obligations under the agreements. In support of their request for attorneys' fees and costs, Plaintiffs submitted the declaration of Elizabeth A. Coleman, an associate attorney at the firm Slevin & Hart, P.C. ("Coleman Decl."), as well as a time sheet itemizing the time spent by various attorneys and staff on this matter. ("Matter Worked Detail Report"). Based on these submissions, Plaintiffs seek $7,104.35 in attorneys' fees and costs ($6,415.50 in attorneys' fees and $688.85 in costs). (Coleman Decl. ¶¶ 5, 6; Matter Worked Detail Report.) Having examined and reviewed the declaration and time sheet, the undersigned Magistrate Judge finds that the requested fees and costs are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights.

| *Attorneys' Fees* | *Costs* | *TOTAL* |
|---|---|---|
| $6,415.50 | $688.85 | **$7,104.35** |

(Matter Worked Detail Report.)

### IV. RECOMMENDATION

The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiffs are entitled to a default judgment, and therefore, recommends entry of default judgment in favor of Plaintiffs and against Defendant, NW Sign Industries, Inc. The undersigned finds that Plaintiffs are entitled to damages in the total amount of $56,082.78.

### V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b)**

of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

NW Sign Industries, Inc.
d/b/a NW Sign Industries d/b/a NW Industries
360 Crider Avenue
Moorestown, NJ 08057

/s/
Ivan D. Davis
United States Magistrate Judge

July 25, 2014
Alexandria, Virginia